# EXHIBIT A

CSC

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: June 2, 2026

Alain Cesar
Name
Sanders Law Group
Firm Name

333 Earle Ovington Boulevard, Suite 40
Address

Uniondale, New York 11553

516-203-7600
Phone

ACesar@sanderslaw.group
E-Mail

To: Barclays Bank Delaware
Corporation Service Company
251 Little Falls Dr, Wilmington

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NASSAU

---------------------------------------------------------------------x

Marcos Campana Vacacela

Plaintiff/Petitioner,

- against -

Index No. 612215/2026

Barclays Bank Delaware, Citibank, N.A., Goldman Sachs Bank USA, Synchrony Bank, Equifax

Defendant/Respondent.

---------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

  The **benefits of participating in e-filing** include:

  - serving and filing your documents electronically
  - free access to view and print your e-filed documents
  - limiting your number of trips to the courthouse
  - paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NASSAU**

| | |
|---|---|
| Marcos Campana Vacacela,<br><br>Plaintiff,<br><br>v.<br><br>Barclays Bank Delaware, Citibank, N.A., Goldman Sachs Bank USA, Synchrony Bank, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>Defendants. | Index No.:<br>Date Purchased:<br><br>**SUMMONS**<br><br>**Basis of Venue:**<br><br>**CPLR §509:** Venue designated by Plaintiff.<br>**CPLR §503(a):** Plaintiff's principal place of residence |

**TO THE ABOVE-NAMED DEFENDANT(S):**

**YOU ARE HEREBY SUMMONED**, to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on Plaintiff's Attorneys within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York).

**YOU ARE HEREBY NOTIFIED THAT**, should you fail to answer, a judgment will be entered against you by default for the relief demanded in the complaint.

Dated: Uniondale, New York
June 5, 2026

**Defendants' Addresses:**

Barclays Bank Delaware
100 S West Street
Wilmington, DE 19801
Registered Agent:
Corporation Service Company
251 Little Falls Dr, Wilmington, DE 19808

Citibank, N.A.
701 East 60th Street North
Sioux Falls, SD 57104

**SANDERS LAW GROUP**

By: */s/ Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 281-7801
*Attorneys for Plaintiff*
Our File No.: 145807

Goldman Sachs Bank USA
200 West Street
New York, NY 10282
Registered Agent:
ATTN: Head of Litigation & Reg
200 West Street, New York City, NY 10282

Synchrony Bank
170 W Election Rd, Suite 125
Draper, UT 84020
Registered Agent:
Synchrony Bank
PO Box 965036, Orlando FL 32896

Equifax Information Services, LLC
1550 Peachtree Street
NW Atlanta, GA 30309
Registered Agent:
The Corporation Service Company
80 State Street, Albany, NY 12207

Experian Information Solutions, Inc.
475 Anton Blvd.
Costa Mesa, CA 92626
Registered Agent:
CT Corporation System
28 Liberty Street, New York, NY 10005

Trans Union, LLC
555 W. Adams Street
Chicago, IL 60661
Registered Agent:
The Prentice-Hall Corporation System
80 State Street, Albany NY 12207

SLG SANDERS ·LAW GROUP·

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU**

| | |
|---|---|
| Marcos Campana Vacacela,<br><br>Plaintiff,<br><br>v.<br><br>Barclays Bank Delaware, Citibank, N.A., Goldman Sachs Bank USA, Synchrony Bank, Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>Defendants. | Index No:<br><br>**COMPLAINT** |

SG SANDERS LAW GROUP

Plaintiff Marcos Campana Vacacela ("*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Barclays Bank Delaware ("*Barclays*"), Citibank, N.A. ("*Citibank*"), Goldman Sachs Bank USA ("*GS Bank*"), Synchrony Bank ("*Synchrony*") (Barclays, Citibank, GS Bank, and Synchrony may be hereinafter collectively referred to as "*Furnisher Defendants*"), Equifax Information Services, LLC ("*Equifax*"), Experian Information Solutions, Inc. ("*Experian*") and Trans Union, LLC ("*Trans Union*") (Equifax, Experian, and Trans Union may be hereinafter collectively referred to as "*CRA Defendants*") as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Credit Reporting Act (the "*FCRA*"), 15 U.S.C. § 1681 *et seq.* and the New York Fair Credit Reporting Act, NY CLS General Business Law Section § 380 *et seq. ("NY FCRA").*

2. This action seeks relief against CRA Defendants for reporting inaccurate and/or misleading information on Plaintiff's credit report in violation of § 1681e(b); and for CRA Defendants' failure to conduct a reasonable investigation into Plaintiff's disputes in violation of § 1681i(a).

3. This action also seeks relief against CRA Defendants pursuant to NY FCRA § 380-F for failing to comply with the proper procedures for resolving disputes after a consumer disputes an item and failing to promptly remove inaccurate and/or misleading information.

4. This action seeks relief against Furnisher Defendants for violations of the Fair Credit Reporting Act under 15 U.S.C. § 1681s-2(b), for its failure to conduct a reasonable and/or good faith investigation into Plaintiff's notice of disputes and failing to delete, correct or block the inaccurate information.

5. Plaintiff seeks an Order enjoining Defendants' injurious conduct and to recover *inter alia*, statutory damages, prejudgment and post-judgment interest, and reasonable attorneys' fees and expenses for injuries suffered as a result of Defendants' erroneous reporting of inaccurate information in Plaintiff's consumer background reports.

6. As a result of Defendants' conduct in misreporting and failing to reasonably investigate the dispute and correct inaccuracies, Plaintiff has sustained actual damages including, but not limited to: a decreased credit score; decreased credit worthiness and credit capacity; emotional and mental pain due to the anxiety and stress of the negative credit impact of the errors at issue despite taking steps to resolve it; and the dissemination of this inaccurate reporting to third party prospective creditors.

7. Plaintiff seeks to recover monetary damages for Defendants' violations of the FCRA and to have an Order issued by this Court enjoining Defendants from persisting in their violative behaviors.

SG SANDERS ·LAW GROUP·

**JURISDICTION AND VENUE**

8. This Court has jurisdiction over the action pursuant to §§ 301 and 302 of the New York Civil Practice Law and Rules ("*CPLR*") in that Defendants conduct business in the State of New York and have purposely availed themselves of the privilege of conducting business in the State of New York.

9. Venue is appropriate in Nassau County pursuant to CPLR § 503(a) because Plaintiff resides within such County and a substantial part of the events and omissions giving rise to Plaintiff's claim occurred within the Court's jurisdiction.

**PARTIES**

10. Plaintiff Marcos Campana Vacacela is an adult who is a citizen of the State of New York residing in Nassau County, New York.

11. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c) and NY FCRA § 380-a(b).

12. Defendant Barclays is a bank and has a principal place of business located at 100 S West Street, Wilmington, DE 19801.

13. Defendant Barclays is a "furnisher of information" (hereinafter "*Furnisher*") as that term is defined by 15 U.S.C. § 1681s-2(b).

14. Defendant Citibank is a bank and has a principal place of business located at 701 East 60th Street North, Sioux Falls, SD 57104.

15. Defendant Citibank is a Furnisher, as that term is defined by 15 U.S.C. § 1681s-2(b).

16. Defendant GS Bank is a bank and has a principal place of business located at 200 West Street, New York, NY 10282.

17. Defendant GS Bank is a Furnisher, as that term is defined by 15 U.S.C. § 1681s-2(b).

18. Defendant Synchrony is a bank and has a principal place of business located at 170 W Election Rd, Suite 125, Draper, UT 84020.

19. Defendant Synchrony is a Furnisher ,as that term is defined by 15 U.S.C. § 1681s-2(b).

20. Defendant Equifax is a Georgia limited liability company which has a principal place of business located at 1550 Peachtree Street, NW, Atlanta, GA 30309.

21. Defendant Equifax Information Services, LLC, is a subsidiary of Equifax, Inc. and qualifies as a consumer reporting agency (hereinafter "*CRA*"), as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

22. Defendant Equifax by contractual agreement, disseminates consumer background reports for remuneration to third parties.

23. Defendant Experian is an Ohio corporation which has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

24. Defendant Experian is a CRA as defined under 15 U.S.C. § 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

25. Defendant Experian by contractual agreement, disseminates consumer background reports for remuneration to third parties.

26. Defendant Trans Union is an Illinois limited liability company which has a principal place of business located at 555 W. Adams Street, Chicago, IL 60661.

SG SANDERS ·LAW GROUP·

27. Defendant Trans Union is a CRA as defined under 15 U.S.C. 1681a(f) and NY FCRA § 380-A(e), that regularly conducts business in this judicial district.

28. Defendant Trans Union by contractual agreement, disseminates consumer background reports for remuneration to third parties.

**SUBSTANTIVE ALLEGATIONS OF FCRA**

29. Congress enacted § 1681 *et seq.* of Title 15 of the United States Code, § 1681(a) of which states as follows:

> (1) The banking system is dependent upon fair ***and accurate*** credit reporting. ***Inaccurate credit reports directly impair the efficiency of the banking system***, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system.
>
> (2) An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers.
>
> (3) Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers.
>
> (4) There is a ***need to insure that consumer reporting agencies exercise their grave responsibilities with fairness***, impartiality, and a respect for the consumer's right to privacy.

(Emphases added).

30. FCRA mandates that CRAs adhere to the following duties: (i) to assure maximum possible accuracy of information when preparing consumer reports and to set up reasonable policies procedures to maintain compliance with this minimum reporting standard; and (ii) to reinvestigate the facts and circumstances surrounding a dispute by consumers and to appropriately and timely correct any inaccuracies, including by quickly notifying the furnisher and any other parties in the distribution chain of the disputed inaccuracies.

31. CRAs compile, maintain, and report information concerning the creditworthiness, credit-standing, credit capacity, character, and general reputation of consumers, including Plaintiff. That information is then made available for use by third parties in credit transactions involving consumers, for employment purposes, for the underwriting of insurance for consumers, and even housing.

SG SANDERS LAW GROUP

32. Plaintiff has a legally protected interest in the Defendants fulfilling their duties under the FCRA so that the credit information being furnished and reported by them is maintained fairly, with the maximum levels of confidentiality, accuracy, and relevancy.

33. Plaintiff's injury is particularized and actual and is directly traceable to Defendants' conduct. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

## FACTUAL ALLEGATIONS

***Experian and Equifax Regarding GS Bank Apple Account***

34. Plaintiff opened a credit card account on March 31, 2023 (the "*GS Bank Apple Account*").

35. The GS Bank Apple Account was charged off with an outstanding balance of $2,842 and was settled for $1,421 and no amount remains due and owing.

36. Experian and Equifax do not exhibit the settlement and falsely suggest that Plaintiff remains obligated on a debt that was resolved.

37. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

38. On April 13, 2026, Plaintiff sent a dispute letter ("*FCRA Dispute Letter*") regarding this inaccurate information to Experian and Equifax via USPS Certified Mail.

39. Experian received the FCRA Dispute Letter on April 17, 2026, and was required to conduct a reasonable reinvestigation.

40. Equifax received the FCRA Dispute Letter on April 17, 2026, and was required to conduct a reasonable reinvestigation.

41. Upon information and belief, Experian and Equifax performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

42. Upon information and belief, Experian and Equifax merely parroted information received from GS Bank rather than conducting any independent investigation.

43. Following the reinvestigation period, Experian and Equifax continued to report an inaccurate balance of $1,421 rather than a $0 balance reflecting the settlement.

44. Defendants failed to conduct a reasonable reinvestigation.

45. Upon information and belief, GS Bank relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Experian Regarding Barclays Gap Account***

46. Plaintiff opened a charge card account on October 21, 2023 (the "*Barclays Gap Account*").

47. The Barclays Gap Account was charged off with an outstanding balance of $479 and was settled for $200 and no amount remains due and owing.

48. Experian failed to update the settlement and as such falsely suggests that Plaintiff remains obligated on a debt that was resolved.

49. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

50. On April 13, 2026, Plaintiff sent an FCRA Dispute Letter regarding this inaccurate information to Experian via USPS Certified Mail.

51. Experian received the FCRA Dispute Letter on April 17, 2026, and was required to conduct a reasonable reinvestigation.

52. Upon information and belief, Experian performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

53. Following the reinvestigation period, Experian continued to report an inaccurate balance of $279 rather than a $0 balance reflecting the settlement.

54. Defendants failed to conduct a reasonable reinvestigation.

55. Upon information and belief, Barclays relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Equifax, Experian, and Trans Union Regarding Synchrony JCrew Account***

56. Plaintiff opened a charge card account on December 5, 2023 (the "*Synchrony JCrew Account*").

57. The Synchrony JCrew Account was charged off with an outstanding balance of $712 and was settled for $380, and no amount remains due and owing.

58. Equifax, Experian, and Trans Union failed to report the settlement which falsely suggests that Plaintiff remains obligated on a debt that was resolved.

59. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

60. On April 13, 2026, Plaintiff sent an FCRA Dispute Letter regarding this inaccurate information to Equifax, Experian, and Trans Union via USPS Certified Mail.

61. Equifax and Experian received the FCRA Dispute Letter on April 17, 2026, and Trans Union received it on April 16, 2026.

62. Upon information and belief, Equifax, Experian, and Trans Union performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

63. Following the reinvestigation period, Equifax, Experian, and Trans Union continued reporting the same inaccurate $712 balance.

64. Defendants failed to conduct a reasonable reinvestigation.

65. Upon information and belief, Synchrony relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Equifax, Experian, and Trans Union Regarding Synchrony Lowes Account***

66. Plaintiff opened a charge card account on November 26, 2023 (the "*Synchrony Lowes Account*").

67. The Synchrony Lowes Account was charged off with an outstanding balance of $737 and was settled for $380, and no amount remains due and owing.

68. Equifax, Experian, and Trans Union failed to report the settlement which falsely suggests that Plaintiff remains obligated on a debt that was resolved.

69. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

70. On April 13, 2026, Plaintiff sent an FCRA Dispute Letter regarding this inaccurate information to Equifax, Experian, and Trans Union via USPS Certified Mail.

71. Equifax and Experian received the FCRA Dispute Letter on April 17, 2026, and Trans Union received it on April 16, 2026.

72. Upon information and belief, Equifax, Experian, and Trans Union performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

SLG SANDERS LAW GROUP

73. Following the reinvestigation period, Equifax, Experian, and Trans Union continued reporting the same inaccurate $737 balance.

74. Defendants failed to conduct a reasonable reinvestigation.

75. Upon information and belief, Synchrony relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Equifax, Experian, and Trans Union Regarding Synchrony TJX Account***

76. Plaintiff opened a charge card account on October 8, 2023 (the "*Synchrony TJX Account*").

77. The Synchrony TJX Account was charged off with an outstanding balance of $706 and was settled for $338, and no amount remains due and owing.

78. Equifax, Experian, and Trans Union failed to report the settlement which falsely suggests that Plaintiff remains obligated on a debt that was resolved.

79. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

80. On April 13, 2026, Plaintiff sent an FCRA Dispute Letter regarding this inaccurate information to Equifax, Experian, and Trans Union via USPS Certified Mail.

81. Equifax and Experian received the FCRA Dispute Letter on April 17, 2026, and Trans Union received it on April 16, 2026.

82. Upon information and belief, Equifax, Experian, and Trans Union performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

83. Following the reinvestigation period, Equifax, Experian, and Trans Union continued reporting the same inaccurate $706 balance.

84. Defendants failed to conduct a reasonable reinvestigation.

85. Upon information and belief, Synchrony relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Equifax Regarding Synchrony Scorer Account***

86. Plaintiff opened a charge card account on August 30, 2024 (the "*Synchrony Scorer Account*").

87. The Synchrony Scorer Account was charged off with an outstanding balance of $723 and was settled for $365, and no amount remains due and owing.

SLG SANDERS ·LAW GROUP·

88. Equifax failed to report the settlement which falsely suggests that Plaintiff remains obligated on a debt that was resolved.

89. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

90. On April 13, 2026, Plaintiff sent a FCRA Dispute Letter regarding this inaccurate information to Equifax via USPS Certified Mail.

91. Equifax received the FCRA Dispute Letter on April 17, 2026, and was required to conduct a reasonable reinvestigation.

92. Upon information and belief, Equifax performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

93. Following the reinvestigation period, Equifax continued reporting an inaccurate balance of $358 rather than a $0 balance.

94. Defendants failed to conduct a reasonable reinvestigation.

95. Upon information and belief, Synchrony relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Equifax Regarding Citibank Home Depot Account***

96. Plaintiff opened a credit card account on September 16, 2023 (the "*Citibank Home Depot Account*").

97. The Citibank Home Depot Account was charged off with an outstanding balance of $4,405 and was settled for $2,000, and no amount remains due and owing.

98. Equifax failed to report the settlement, thus falsely suggesting that Plaintiff remains obligated on a debt that was resolved.

99. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

100. On April 13, 2026, Plaintiff sent a FCRA Dispute Letter regarding this inaccurate information to Equifax via USPS Certified Mail.

101. Equifax received the FCRA Dispute Letter on April 17, 2026, and was required to conduct a reasonable reinvestigation.

SANDERS LAW GROUP

102. Upon information and belief, Equifax performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

103. Following the reinvestigation period, Equifax continued reporting an inaccurate balance of $2,405 rather than a $0 balance.

104. Defendants failed to conduct a reasonable reinvestigation.

105. Upon information and belief, Citibank relied solely on a cursory review of internal Customer Information Systems and failed to review account-level records.

***Equifax, Experian, and Trans Union Regarding BANA Account (Non-Party Furnisher)***

106. Plaintiff opened a credit card account on March 23, 2023 (the "*BANA Account*").

107. The BANA Account was charged off with an outstanding balance of $2,109 and was settled for $750 , and no amount remains due and owing.

108. Equifax, Experian, and Trans Union failed to report the settlement which falsely suggests that Plaintiff remains obligated on a debt that was resolved.

109. The correct reporting should reflect a $0 balance and a settled/paid for less than full balance status.

110. On April 13, 2026, Plaintiff sent a FCRA Dispute Letter regarding this inaccurate information to Equifax, Experian, and Trans Union via USPS Certified Mail.

111. Equifax and Experian received the FCRA Dispute Letter on April 17, 2026, and Trans Union received it on April 16, 2026.

112. Upon information and belief, Equifax, Experian, and Trans Union performed a cursory or superficial review, failed to review underlying documentation, and failed to request data records or other extrinsic evidence.

113. Following the reinvestigation period, Equifax, Experian, and Trans Union modified the account to reflect an inaccurate balance of $1,269 rather than a $0 balance.

114. Defendants failed to conduct a reasonable reinvestigation.

***Damages***

115. As a result of Defendants' conduct, Plaintiff has sustained actual damages including diminished credit profile, decreased credit score, increased alleged liabilities, emotional distress, and third-party dissemination of the inaccurate reporting.

**FIRST COUNT**

**CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681e(b).**

116. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated at length herein below.

117. CRA Defendants systemically violated 15 U.S.C. § 1681e(b) by failing to adhere to, maintain and/or establish reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained concerning Plaintiff.

118. Upon receipt of Plaintiff's disputes, CRA Defendants were legally required to: (i) conduct a reasonable investigation or re-investigation into all the circumstances surrounding the dispute; and (ii) when and if appropriate, remove any inaccurate information following the performance of the reasonable investigation.

119. Upon information and belief, CRA Defendants' conduct in the instant matter is representative of their normal policies and procedures (or lack thereof) for maintaining accurate credit reporting.

120. In violation of §§ 1681e(b) and 1681(i), CRA Defendants failed to follow reasonable procedures to assure maximum possible accuracy of the information attributable to Plaintiff, by reporting inaccurate information in Plaintiff's consumer background report.

121. Plaintiff disputed the inaccurate information and CRA Defendants knowingly or intentionally failed to perform a reasonable investigation to remove the inaccurate information.

122. Plaintiff disputed the inaccurate information and CRA Defendants recklessly failed to perform a reasonable investigation to remove the inaccurate information.

123. Alternatively, Plaintiff disputed the inaccurate information and CRA Defendants negligently failed to perform a reasonable investigation to remove the inaccurate information.

124. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described in the above statement of facts.

125. In violation of § 1681o and § 1681n, CRA Defendants' conduct was a direct and proximate cause of Plaintiff's injury.

126. CRA Defendants are liable to Plaintiff for their negligent and willful failures to follow reasonable policies and procedures.

SG SANDERS ·LAW GROUP·

127. As a result of CRA Defendants' violations of 15 U.S.C. §§ 1681e(b) and 1681i, Plaintiff suffered statutory and actual damages as described herein and is entitled to recover actual damages and punitive damages, pursuant to 15 U.S.C. §§ 1681n and 1681o.

128. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681e(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**<u>SECOND COUNT</u>**
**CRA Defendants' Violations of the FCRA, 15 U.S.C. § 1681i *et seq.***

129. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

130. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by failing to conduct reasonable reinvestigations to determine whether the disputed information was accurate and record the current status of the disputed information or delete the item from Plaintiff's credit report.

131. CRA Defendants violated 15 U.S.C. § 1681i(a)(1) by relying upon only a cursory review of basic information and deferring entirely upon Furnisher Defendants and merely parroting information received from the furnisher.

132. CRA Defendants violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide Furnisher Defendants all of the relevant information regarding Plaintiff and his dispute.

133. CRA Defendants violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff regarding the dispute.

134. CRA Defendants violated 15 U.S.C. § 1681i(a)(5)(A) by failing to promptly delete the disputed inaccurate information from Plaintiff's credit file or correct the inaccurate information upon reinvestigation.

135. CRA Defendants never: (i) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's dispute; (ii) contacted any third parties that would have relevant information concerning Plaintiff's dispute; (iii) forwarded any relevant information concerning Plaintiff's dispute to Furnisher Defendant; or (iv) requested or obtained any other relevant documents from Furnisher Defendant. As such, there is no evidence of a reasonable investigation being conducted.

136. As a result of CRA Defendants' violations of 15 U.S.C. § 1681, Plaintiff suffered actual damages which have been further described above in the statement of facts.

SLG SANDERS LAW GROUP

137. CRA Defendants' violations were willful because they had knowledge of the issue after receiving a detailed dispute letter and/or exhibited a reckless disregard for the information provided in that dispute, rendering CRA Defendant individually liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

138. In the alternative, CRA Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

139. For the foregoing reasons, CRA Defendants violated 15 U.S.C. § 1681i and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**THIRD COUNT**
**Furnisher Defendants' Violations of the FCRA, 15 U.S.C. § 1681s-2(b)**

140. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

141. At all times pertinent hereto, each Furnisher Defendant is a "person" as that term is defined by 15 U.S.C. § 168la(b) and a "furnisher of information" to the credit reporting agencies.

142. Furnisher Defendants have a duty to provide accurate information to consumer reporting agencies, and to correct inaccurate information after receiving notice of a credit dispute directly from a consumer. *See* 15 U.S.C. § 1681s-2(a).

143. Furnisher Defendants have an obligation under 15 U.S.C. § 1681s-2(b) to investigate a dispute after receiving notice of the disputed item from a consumer reporting agency.

144. FCRA requires furnishers, after receiving notice from a credit reporting agency that a consumer disputes information that is being reported by that furnisher to conduct an investigation with respect to the disputed information, to review all relevant information, to report the results of the investigation to the credit reporting agency, and, if the investigation reveals that the information is incomplete or inaccurate, to report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

145. On each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, upon information and belief, CRA Defendants provided Furnisher Defendants the notice of dispute and all relevant information regarding the disputes.

146. Upon information and belief, on each occasion referenced in the above statement of facts where a dispute was sent to CRA Defendants, Furnisher Defendants received the notice of dispute and all relevant information regarding the disputes.

147. Upon information and belief, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to fully, reasonably and in good faith investigate Plaintiff's disputes.

148. Furnisher Defendants failed to correct or remove the inaccurate information from the account and credit report and report those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

149. Upon information and belief, Furnisher Defendants' conduct in the instant matter is representative of their normal policies and procedures in responding to disputes by providing only a cursory review of basic information and failing to investigate any further or failing to investigate and remediate any errors entirely.

150. Furnisher Defendants violated § 1681s-2(b) by willfully failing to fully, properly and reasonably conduct an investigation of the inaccurate information that Plaintiff disputed.

151. Furnisher Defendants violated § 1681s-2(b) by willfully failing to review all relevant information concerning Plaintiff's account as provided.

152. Furnisher Defendants violated § 1681s-2(b) by willfully failing to report the results of its investigation of the inaccurate information to all credit reporting agencies.

153. Furnisher Defendants violated § 1681s-2(b) by willfully failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting an investigation.

154. Furnisher Defendants violated § 1681s-2(b) by willfully failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies.

155. Furnisher Defendants violated § 1681s-2(b) by willfully failing to comply with all requirements imposed on Furnishers by 15 U.S.C. § 1681s-2(b).

156. Furnisher Defendants' conduct was willful in that they had direct knowledge of the settlement agreement, was a party to that settlement, received payment for the settlement, and received FCRA dispute notice of the tradeline from the consumer reporting agencies, but continued to report the tradeline inaccurately.

SG SANDERS ·LAW GROUP·

157. Alternatively, Furnisher Defendants exhibited a reckless disregard and unjustifiably high risk to Plaintiff when they received the FCRA dispute and still failed to conduct a reasonable investigation and correct the credit reporting.

158. Furnisher Defendants violated § 1681s-2(b) by negligently failing to review all relevant information concerning Plaintiff's account as provided.

159. Furnisher Defendants violated § 1681s-2(b) by negligently failing to report the results of their investigation of the inaccurate information to all credit reporting agencies.

160. Furnisher Defendants violated § 1681s-2(b) by negligently failing to modify or delete incomplete or inaccurate information or information they cannot verify in Plaintiff's file after conducting an investigation.

161. Furnisher Defendants violated § 1681s-2(b) by negligently failing to permanently block the reporting of the inaccurate information disputed by Plaintiff and continuing to report and furnish inaccurate or incomplete information in Plaintiff's file to credit reporting agencies,

162. Furnisher Defendants violated § 1681s-2(b) by negligently failing to comply with all requirements imposed on "furnishers of information" by 15 U.S.C. § 1681s-2(b).

163. Further, Plaintiff suffered actual damages, further described in the above in statement of facts.

164. Furnisher Defendants are liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

165. Alternatively, Furnisher Defendants' conduct was negligent, failing to exercise reasonable care when they failed to conduct a reasonable investigation, thereby entitling Plaintiff to recover under 15 U.S.C. § 1681o.

166. For the foregoing reasons, Furnisher Defendants violated 15 U.S.C. § 1681s-2(b) and are liable to Plaintiff for actual damages, statutory damages, punitive damages, costs and attorneys' fees in an amount to be determined by the Court pursuant to § 1681n and § 1681o.

**FOURTH COUNT**
**CRA Defendants' Violations of the NY FCRA § 380**

167. Plaintiff repeats and realleges the foregoing paragraphs as if same were fully restated herein below.

168. NY FCRA § 380-f(a) specifically provides that upon receipt of a consumer's dispute, a CRA promptly re-investigate and record the current status of such information and promptly notify the consumer of the result of its investigation, its decision on the status of the information and Plaintiff's rights pursuant to that section.

169. In addition, NY FCRA § 380-f(b) specifically provides that when a "consumer reporting agency finds that an item is in error or that it can no longer be verified, it shall:

(1) Promptly expunge the item and otherwise correct the file

(2) Refrain from reporting the item in subsequent consumer reports,

(3) Clearly and conspicuously disclose to the consumer his rights to make a request for notification and upon request of the consumer, promptly notify any person designated by the consumer who has received information regarding the item during the previous year that an error existed and shall furnish such person with corrected information…"

170. Here a duty to conduct a reasonable investigation was triggered by CRA Defendants upon each receipt of any FCRA Dispute Letter referenced in the above statement of facts.

171. CRA Defendants failed to conduct a reasonable investigation and failed to promptly correct the tradeline of the accounts at issue.

172. CRA Defendants also failed to provide Plaintiff with a notice of rights pursuant to NY FCRA § 380-f(b)(3).

173. CRA Defendants' failure to adequately re-investigate these disputes despite being given the information constitutes a knowing or at a minimum a reckless disregard of their duties to Plaintiff.

174. As such, CRA Defendants' violations were willful, rendering them liable for punitive damages in an amount to be determined by the court and attorneys' fees pursuant to NY FCRA § 380-L.

175. At a minimum, CRA Defendants' conduct was negligent in that they failed to use reasonable care and diligence in their obligations to the consumer rendering them liable for actual damages and attorneys' fees pursuant to NY FCRA § 380-M.

176. As a direct result of the above violations of the NY FCRA by CRA Defendants, Plaintiff suffered damages as described in the above statement of facts.

177. As a result of the above violations of the NY FCRA, CRA Defendants are willfully and/or negligently liable to Plaintiff for actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M.

**JURY DEMAND**

178. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests judgment be entered against Defendants, as follows:

a Adjudging that Defendants' actions violated the FCRA;

b Adjudging that CRA Defendants' actions violated the NY FCRA;

c Enjoining Defendants from persisting in violative behaviors and requiring Defendants to correct or otherwise delete the accounts at issue in Plaintiff's credit report;

d Granting Plaintiff actual damages against Defendants pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a);

e Granting Plaintiff statutory damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(1)(A);

f Granting Plaintiff punitive damages against Defendants pursuant to 15 U.S.C. § 1681n(a)(2);

g Granting Plaintiff costs and reasonable attorneys' fees against the Defendants pursuant to 15 U.S.C. §§ 1681n(c) and 1681o(b);

h Granting Plaintiff actual damages, punitive damages, attorneys' fees and costs pursuant to NY FCRA §§ 380-L and 380-M;

i Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

j Such other and further relief as the Court determines is just and proper.

DATED: June 5, 2026
Uniondale, New York

**SANDERS LAW GROUP**

By: */s/ Alain Cesar*
Alain Cesar, Esq.
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Email: acesar@sanderslaw.group
Office: (516) 203-7600
Direct: (516) 203-7612
Fax: (516) 281-7801
*Attorneys for Plaintiff*
Our File No.: 145807